UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| KENNETH F. PHILLIPS<br>Derivatively on behalf of VBENX CORPORATION<br>and Derivatively on behalf of CFN AGENCY, INC.<br>a wholly owned subsidiary of YouDecide.com, Inc.<br><br>                     Plaintiff<br>       vs.<br><br>WALTER SMITH, PETER MARCIA,<br>                     Individual Defendants<br><br>VBENX CORPORATION, YOUDECIDE.COM, INC.<br>CFN AGENCY, INC.<br>                     Nominal Defendants | Case No. 1:17-cv-11697-MGM |

**PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 23.1 TO DISAQUALIFY KENNETH F. PHILLIPS AND ATTORNEY PHILLIPS**

Derivative Plaintiff ("Phillips") submits this Memorandum of Law in opposition to Defendants motion to disqualify Phillips. The story begins in 2004 when Mr. Phillips discovered VBENX and, with a group of investors, paid $225,000 to become a shareholder. He served on the board until 2009 and has never taken a penny from VBENX. With the entrance of Smith to the company in 2009, litigation has ensnared every existing and prior shareholder the VBENX. At this point there is no shareholder that has not been involved in litigation with VBENX, and if this were criteria for being a qualified Derivative plaintiff, there are no possible shareholders who fit this category. Phillips runs his own successful business which in no way competes with VBENX.

1

He has the support of three of seven shareholders and has sworn to represent this group, fairly and adequately. This court is aware of the actions of Defendants Smith and Marcia and if there is no suitable Derivative Plaintiff, their actions in this matter and any action in the future will be beyond judicial scrutiny, no matter how self-serving or egregious.

## PRELIMINARY STATEMENT

After a careful examination of the Defendant's voluminous pleadings, their strategy should be quite evident to this court. *"If the facts are against you, hammer the law. If the law is against you, hammer the facts. If the fact and the law are against you, hammer opposing counsel."*

This lawsuit is in a unique posture because this court is aware of the underlying actions of Smith and Marcia as outlined by Judge Sorokin. These same actions, facts, and circumstances now form the basis for this Derivative lawsuit laying out the fiduciary breach of Smith and Marcia. Defendants recognizing their impending peril have chosen to attempt shortcutting a trial on its merits.

Whether a Derivative Plaintiff can provide the requisite fair and adequate representation is a factual analysis and the factors or elements are well-known and will be addressed in the required detail in this memorandum. Essentially Defendants' arguments fail on all elements,

- **Shareholder support**, plaintiff has full support of three of seven shareholders, who collectively hold almost 14% of the shares. The two non-party shareholders B. Pond and Sal Percia were not solicited due to the time frame, they collectively hold slightly more than 4%.

- **Economic antagonisms with the class**. Typically, this antagonism exists on behalf of a business competitor who is also a shareholder seeking an outcome that does not benefit all shareholders. In this case Phillips is not even remotely a competitor.

- **Derivative Remedy sought**, restitution, benefits all shareholders;

- **Proxy actions**; there are no external parties encouraging Phillips;

- **Unfamiliarity with the litigation**; Phillips benefits substantially by the fully briefed and extensively tried cases CFN v. Liberty which is now available to Phillips and Counsel;

- **Magnitude of plaintiff's personal interest**; plaintiff has a large investment in the firm and believes that this action seeking restitution will put the company in a better position to succeed and enable him and all shareholders to profit; and

- **Animosity,** while Defendants make much of this without much of a factual basis. Suffolk Superior Judge Lauriat characterizes Phillips as follows, "Phillips has aptly described himself as parsimonious, and has, by his conduct given credence to the view that this action (ed. *VBENX Lawsuit*) was conceived and is being driven by Finnegan alone, Phillips his former adversary is simply along for the ride."

This does not sound like behavior of a spiteful litigant; but rather just the party to a lawsuit pursuing his shareholder rights and assisting the former Chairman of VBENX.

Again, Judge Lauriat spent 25 days with Phillips. He clarifies where the animus is coming from, and it's not Phillips. VBENX attempted to further amend their counterclaims in March 2012 (Paper No. 102), and then it moved to default Finnegan and Phillips when they did not respond within two weeks. (Paper No. 105). This prompted the following docket entry from Judge Lauriat who felt Smith and Marcia were overreaching.

"To restate the obvious the parties venomous, overreaching and frankly embarrassing approach to this litigation now borders on the ridiculous. The Court's allowance of an amended counterclaim was intended and limited to the assertions that might be made against Karen Finnegan. Now that she is joined as a party in the action. All other motion practice, vituperations,

3

party bashing and like actions are STAYED until further order of the Court." (Paper No. 111) (various typos corrected).

**Finally, the primary case law cited by Mr. Smith has been improperly interpreted when the facts of this case are applied**. Essentially the GA Enterprises plaintiff was involved in a multitude of complex interrelated business relationships and adjudicated judgments, not simply narrow singular hypothetical concerns, but facts. The court properly found in his case that he was bringing too much complexity and factual conflicts to be a fair plaintiff.

As is presented in this memorandum applying this case law to our facts, a hypothetical judgment, in a single case on appeal and no inherent complexity (since the underlying actions were tried in this court), Phillips would not under the guidance in this case be disqualified.

## ARGUMENT

While pleading much sound and fury, Defendants fail entirely to demonstrate that Phillips will not fairly and justly represent shareholders in this lawsuit. It seems the real concern for Defendants is that the facts and the law are not in their favor.

The major issue that confronts this court is whether, on the basis that Defendants have developed for disqualification, (i.e. primarily prior litigation experience with the company), there is absolutely no shareholder who can bring a Derivative lawsuit. All current and prior shareholders have been involved with litigation with VBENX.

**The impact of no viable plaintiff, based on Defendants categorization**

Taken to its logical conclusion, this provides Defendants with a get-out-of-jail-free card for any future activity, an escape from Judicial oversight.

**This case presents no leverage**

The litigation so thoroughly discussed by Defendants is currently on appeal and as with all litigation, it will proceed to a conclusion unrelated to this activity. Comments that this is all about leverage are simply not true. Even assuming it was true (and it is not), does it give Defendants the ability to limit the right of petition in any future activity? This is clearly not in the public interest or the interest of the shareholders of VBENX.

All Defendants' objections to Phillips as a plaintiff are conclusory, they are assertions for which no supporting evidence is offered and are convenient excuses in an attempt to prevent this lawsuit being heard.

Mr. Phillips should not be disqualified based on conjecture. For example, Smith in his declaration on paragraph 87 states, "Rather, he has an ulterior motive" without providing any indication of what this may be or what facts he has to support this conclusion. The court has held that these hypothetical assessments are not grounds for disqualification. "And purely hypothetical, potential or remote conflicts of interest do not disable him. See generally 7A C. Wright A. Miller, Federal Practice and Procedure § 1833 (1972)." G. A. Enterprises, v. Leisure Living Commun, 517 F.2d 24, 27 (1st Cir. 1975).

Mr. Phillips has provided an analysis of Mr. Smith's legal interpretation of "G.A. Enterprises, v. Leisure Living Commun" which is incorrect. When the current facts are applied to the same case, it is clear that Phillips should not be disqualified. In addition, in the analysis below Phillips has outlined each of the elements to be considered. Again, they form no basis either singularly or in concert to disqualify Mr. Phillips.

## ANALYSIS

The following factors bear on the adequacy of the representative plaintiff. Typically, the elements are intertwined or interrelated, and it is frequently a combination of factors which leads a court to conclude that the plaintiff does or does not fulfill the requirements of 23.1 (although often a strong showing of one way in which the plaintiff's interests are actually inimical to those he is supposed to represent fairly and adequately, will suffice in reaching such a conclusion).

**1) Economic antagonism between the representative and the class;**

It would obviously be impermissible to have a Derivative plaintiff that had, of the business interests, a conflict of interest, that would be advanced by the Derivative lawsuit.

In this case this is not even remotely possible.  Davis v. Comed, Inc, 619 F.2d 588, 594 (6th Cir. 1980) ("A major type of antagonism requiring denial of certification is clear economic antagonism between representative and class.") Schnorbach v. Fuqua, 70 F.R.D. 424, 433 (S.D.Ga. 1975). See also Roussel, supra at 688, ("Typically, these extrinsic factors involve competing business interests.")

Further, courts have held that antagonism irrelevant to the proceedings must be disregarded. Defendants have not provided one fact that shows that economic antagonism is possible under the facts and circumstances of this lawsuit. G. A. Enterprises, v. Leisure Living Commun, 517 F.2d 24, 27 (1st Cir. 1975) ("Thus, it is sometimes said that the antagonism of interests "must go to the subject matter of the suit", meaning that antagonism irrelevant to the proceeding may be disregarded. See, e. g., Redmond v. Commerce Trust Co., 144 F.2d 140, 151 (8th Cir. 1944)")

**2) The remedy sought by the plaintiff in the Derivative action;**

There is only one potential remedy sought, which is the restitution for any damages that occur to the company. This prong of the analysis is often meant where several competing remedies could be available such as rescission, voidability, etc. In this case there is no relevance. In addition, any settlement must be approved by the court.

**3) Indications that the named plaintiff was not the driving force behind the litigation;**

Defendants have not pleaded any facts, and none exist, that would implicate this prong of the analysis. Davis v. Comed, Inc, 619 F.2d 588, 596 (6th Cir. 1980) ("With respect to the criterion of whether the Derivative representative is fronting for the real party in interest, this Circuit has found that a plaintiff does not fairly and adequately represent the shareholders when the action is in fact controlled by another individual, with antagonistic economic interests. In Nolen v. Shaw-Walker Company, 449 F.2d 506, 509-510 (6th Cir. 1971)")

**4) Plaintiff's unfamiliarity with the litigation;**

This prong is normally designed for complex securities or investment litigation and Defendants have not played any facts that implicate this analysis.

**5) Other litigation pending between the plaintiff and the Defendants;**

The only litigation pending at this time is an appeal relative to counterclaims that were pursued by VBENX. As stated earlier, since 2009 when Smith arrived, there has been a spate of lawsuits involving all of the shareholders involving issues relative to deferred compensation, fiduciary duty, etc. Where this leaves us is that of the seven current shareholders (or their Proxy POA in Bakers' case) five are involved in the pending counter claims. In this case there is little option but for those involved in other issues to bring suit. In

this case, three of seven shareholders are supportive of Phillips' representation, while the 2 non-party shareholders have not been solicited.

6) **The relative magnitude of the plaintiff's personal interest in matters beyond the scope of the Derivative action, as compared to his or her interest in the Derivative action;**

Mr. Phillips is a minority shareholder of VBENX, having contributed $225,000. Attorney Smith in his declaration contrasts this with a potential judgment, now on appeal, and draws a conclusion that Phillips personal benefit would be small. While this may be the case, the right of petition of minority shareholders is well documented and given the particularly notorious behavior claimed in this lawsuit along with the unique position that the other minority shareholders are able to support, but unable to undertake this effort, Mr. Phillips is the logical one to proceed.

7) **The plaintiff's vindictiveness towards the Defendants;**

Defendants have presented scant evidence of Mr. Phillips' vindictiveness. As noted by Judge Lauriat, Mr. Phillips was largely in a passive support role in the lawsuit in question. He is at the successful end of a 50-year career in the software industry and is only taking on this assignment for his fellow shareholders, who are men and women he has worked with for many years, to rectify and seek indemnification for the acts of Smith and Marcia.

The minor scuffles between litigants are the normal artifacts of litigation and in no way indicates any level of animosity. "See also Wolf v. Frank, 477 F.2d 467, 476 (5th Cir. 1973) ("Whether plaintiffs were or were not knights in shining armor is irrelevant under Rule 23.1…, so long as they fairly and adequately represented the shareholders in enforcing the rights of IGB.")" Davis v. Comed, Inc, 619 F.2d 588, 593 (6th Cir. 1980).

**8) The degree of support the plaintiff receives from the other shareholders that he or she purports to represent;**

Phillips has the full support of the following shareholders who collectively own over 13% of the equity. They are Brent Finnegan, Karen Finnegan, and Kenneth F. Phillips. He has not approached Mr. Baker, who would make 4 in favor.

### Analysis of G. A. Enterprises, Inc.

Other than the unsupported conclusory statements such as asserting that Phillips tie-in to this lawsuit after the completion of an unrelated legal action now on appeal, Smith relies primarily on one case *G. A. Enterprises, v. Leisure Living Commun*, 517 F.2d 24, 26 (1st Cir. 1975), ("G.A.") to which we will apply to the facts of this case. This will clearly demonstrate Phillips should not be disqualified in this action.

1) **GA comes to this lawsuit with several final judgments and multiple complex business arrangements**

    The plaintiff, G.A.'s principal George Kattar, had at least several judgements (affirmed by the court and trustee attachment) coming to this lawsuit.

2) **The court looks to the totality of the relationship (which is not hypothetical, but factual)**

    *G. A. Enterprises, v. Leisure Living Commun*, 517 F.2d 24, 26 (1st Cir. 1975) ("all the claims taken together are sufficiently adverse to the interests of the shareholders to require dismissal of the action. ***It is the totality of the relationship between the Kattar companies and Leisure Living which mandates this conclusion.*** " (Emphasis added).

3) **The court clarifies that "<u>one pending suit</u>" may not warrant disqualification**

*G. A. Enterprises, v. Leisure Living Commun*, 517 F.2d 24, 26 (1st Cir. 1975) **("Were there simply one pending suit between the parties it is quite possible that the same result would not obtain.")** (Emphasis added). ("The Court is fearful that, given the complex business arrangements involved, this suit, as one of several between the parties, runs the risk of losing its special character as a Derivative suit.")

**How this scenario applies to the facts surrounding Phillips' disqualification**

**A. Hypothetical situations are not disabling**

In our case there is but one pending suit on appeal and that Phillips will have any liability is hypothetical. There are a lot of unsubstantiated leaps in this analysis starting with the fact that a final judgment may never issue, or it may be substantially modified, Finnegan may pay all of any judgment to move forward, and so forth. Admittedly these outcomes are hypothetical and do not disable a plaintiff. See *G. A. Enterprises, v. Leisure Living Commun*, 517 F.2d 24, 27 (1st Cir. 1975) ("And purely hypothetical, potential or remote conflicts of interest do not disable him.")

**B. The conflict must be a <u>present</u> threat to the current suit**

*G. A. Enterprises, v. Leisure Living Commun*, 517 F.2d 24, 27 (1st Cir. 1975) ("In such cases the conflict of interest is not merely potential but is immediate and obvious; the outside influences are not hypothetical but constitute a present threat to the conduct and indeed to "the subject matter" of the suit.")

**Conclusion:**

Smith's analysis of G. A. is flawed in several ways and does not support disqualification of Phillips. A proper reading would indicate that a single lawsuit with hypothetical outcomes is not reason enough to disqualify Phillips. Taken with the other elements in Phillips favor, such as the support of three of seven shareholders holing at least 1%, his current knowledge of the intricacies of the CFN Liberty decision, the narrow remedy of restitution that has been requested, all combine to support Phillips as a viable Derivative plaintiff.

**What Smith is really saying is that he is concerned that in his self-interest, he would consider releasing Phillips from any hypothetical judgment and because of this, does not want Phillips as a plaintiff.**

**Smith's analysis says more about him than Phillips.**

What he is pleading is that the hypothetical leverage he imagines in this case (i.e. the damages he suspects he and Marcia may have to pay), will possibly incentivize him to modify any claims Phillips may hypothetically incur.

So, in his own self-interest he envisions he would nullify all or most of Phillips hypothetical requirement to pay the company and thereby terminate this Derivative suit. This would nullify any monies that he and Marcia may have to pay to the company as damages. In summary the company loses twice, no one pays the company anything and he, Marcia, and Phillips all win. The other shareholders and the company lose. Plaintiff Phillips neither has this intention nor does he see any set of circumstances under which this outcome would be possible.

Since this hypothetical outcome is in Smith's hands and any decision could be seen as detrimental to the company, it is unlikely that the scenario will occur. Consequently, there is no present or future consequence and Phillips should not be disqualified.

**Atty. Kenneth B. Phillips is and has always been fully qualified to support this lawsuit.**

Plaintiff Phillips has chosen to work with his son this matter.  The right to counsel of one's choice is certainly a bedrock principle in our legal system.  Atty. Phillips has submitted a brief declaration outlining his extensive 21-year experience and total lack of any blemishes on his professional record. Subsequently, we asked the court to deny Defendants motion to disqualify Atty. Phillips.

## CONCLUSION

The courts have examined several factors or elements in determining whether a Derivative Plaintiff can provide the requisite fair and adequate representation.  In all cases, Plaintiff Phillips, when the sound and fury are filtered out, will provide the highest level of representation that he is sworn to do in his complaint. This is a very important decision for maintaining proper governance for VBENX, for without it, we signal to Smith and Marcia that there is no judicial scrutiny or in fact limit to their behavior. This is anathema to the rule of law and certainly not the purpose to which FRCP 23.1 is intended.

The court has, within its power, many ways to determine the ongoing suitability of litigants. In particular, we petition this court to let this lawsuit proceed so that it may be properly assessed on its merits, which is a just solution for all shareholders.

Respectfully Submitted
Dated Oct 19th, 2017

/s/ Kenneth B. Phillips
Kenneth B. Phillips   BBO#633836

LAW OFFICES OF KENNETH B. PHILLIPS
12 Walnut Street Suite 21
Natick, MA 01760
Tel: (508) 652-0085
Fax: (508) 519-2599
Email: ken@kbplaw.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19th, 2017.

/s/ Kenneth B. Phillips
Kenneth B. Phillips BBO#633836

KBP 10192017 V95