UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH F. PHILLIPS, derivatively on behalf of VBENX CORPORATION and derivatively on behalf of CFN AGENCY, INC., a wholly owned subsidiary of YouDecide.com, Inc.,<br><br>      Plaintiff,<br><br>      v.<br><br>WALTER SMITH, PETER MARCIA,<br><br>      Individual Defendants,<br><br>VBENX CORPORATION, YOUDECIDE.COM, INC., CFN AGENCY, INC.,<br><br>      Nominal Defendants. | Civil Action No. 17-cv-11697-MGM<br><br>**(Leave To File Granted 11/15/17)** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
PURSUANT TO RULE 23.1 TO DISQUALIFY KENNETH F. PHILLIPS**

Defendants, Walter Smith and Peter Marcia, respectfully submit this reply memorandum in further support of their motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, to disqualify Kenneth F. Phillips from pursuing this matter.

**Preliminary Statement**

Just as he did eight years ago, Phillips has leveled very serious charges against Marcia and Smith. It took Marcia and Smith six years to get clear of the prior charges, largely because Phillips rolled out theory after theory, in the Superior Court, the Delaware Court of Chancery, and the Appeals Court, heedless of inconsistencies between theories, and heedless of the truth. It

19907074v.1

took Marcia and Smith two more years to secure a judgment establishing that Phillips had sued based on falsehoods.

It is against this backdrop that Marcia and Smith challenge Phillips's fitness to act on behalf of the Company and its shareholders. Based on over eight years of experience, they are deeply and justifiably suspicious of Phillips's motives, and all too familiar with his means.

Phillips's opposition papers merely confirm Marcia and Smith's concerns. For example, Phillips asserts – at least twice – that he did not solicit two shareholders, Salvatore Percia and Barbara Pond, with respect to whether they support his pursuit of this case. This is not true. Fitness requires respect for the truth.

It also requires respect for the system, and Phillips is wanting there as well. On October 18, he (by his son/counsel) wrote directly to Judge Mastroianni, enclosing, for filing, a document that purports to be a motion to seal, and a copy of the Liberty Mutual settlement agreement. (Phillips did not favor Defendants' counsel with a copy of these documents until five days later, when he finally dropped one in the mail.) Phillips thus flouted the confidentiality provisions of the Liberty Mutual settlement agreement, violated the Confidentiality Stipulation and **Order** (emphasis added) in the Superior Court action, and violated Local Rules 5.4, 7.1, and 7.2 and the CM/ECF Administrative Procedures.

Phillips denies any animus. But he pursued Marcia and Smith for six years, in three courts, based on false claims. He falsely accused Smith of forgery and perjury and ethical violations, and stooped to referring to him as an "evil dwarf." He has animus.

Phillips denies that his son is not qualified, but his papers and tactics show otherwise. What he did with the Liberty Mutual settlement agreement proves that he is not qualified. So,

too, does his performance in the Superior Court action (including the Delaware end run); Phillips's opposition papers do not explain or justify – or even much deny – the criticisms of his performance that appear in Marcia and Smith's moving papers.  Nor is any proof of relevant experience provided.

Phillips claims that he has lots of support.  But one supporter is none other than J. Brent Finnegan, Phillips's partner in the Superior Court action and fellow judgment debtor – the gentleman about whom Judge Lauriat had much to say.  The other is Karen Finnegan, who, despite knowing nothing about the Company, elected to become the straw plaintiff in the Delaware case, only to find herself involuntarily joined to the Superior Court action and enjoined by Judge Lauriat, who recognized the Delaware case to be an improper attempt to get a second bite at the apple.  Collectively, Phillips and the Finnegans own about 14% of the Company's shares.  Collectively, they have done nothing but hurt the Company for over eight years.  Collectively, they engaged in a six-year animus-fueled campaign to kick Marcia and Smith out of the Company.  That is exactly what the jury found.  And, through this case, they seek yet another bite at the apple.

## Additional Facts[1]

**Phillips's Solicitation Of Shareholders
He Says He Has Not Solicited**

Phillips repeatedly asserts that he did not solicit shareholders Salvatore Percia and Barbara Pond to gauge their support for his role as plaintiff. (Plaintiffs' [sic] Memorandum in Opposition to Defendant's [sic] Motion Pursuant to Rule 23.1 to Disqualify Kenneth F. Phillips

---

[1] The statement of facts is supported by the supplemental declarations of Walter L. Smith and David B. Chaffin and the declaration of Richard L. Baker, filed herewith.

3

and Attorney Phillips [sic] ["Phillips Disqualification Memo"] at 2 ("The two non-party shareholders B. Pond and Sal Percia were **not solicited** due to the time frame, [sic] they collectively hold slightly more than 4%.") (emphasis added), 8 ("while the 2 non-party shareholders **have not been solicited**") (emphasis added); see also id. at 9 ("He has not approached Mr. Baker, who would make 4 in favor."). These assertions are false. Three days before Phillips's opposition papers were filed, Percia, who has been close friends with Phillips for years, called Richard Baker. Barbara Pond (actually, Baker) is Richard Baker's wife. Richard Baker is the former CFO of VBenx, and a former Board member of VBenx. He holds a power of attorney covering Mrs. Baker's shares. He also is a party to the Superior Court action. Percia told Baker that Phillips wanted Percia and Baker (presumably on behalf of his wife, who was not contacted) to sign affidavits in support of his pursuit of this case. Baker told Percia that he would not do so. (Baker Dec., ¶¶ 1-5.) Two days before Phillips's opposition papers were filed, Percia spoke with Smith. Percia told Smith that Phillips had asked Percia to sign an affidavit in support. On the day the opposition papers were filed, Percia left Smith a voicemail to the effect that he had to make a decision in a few hours on whether to sign the affidavit or not. (Smith Supp. Dec., ¶¶ 1-3.)

**Phillips's Tactic With The Doubly Confidential**
**Liberty Mutual Settlement Agreement**

On October 27, 2016, Ilyas Rona, co-counsel for Phillips and the Finnegans in the Superior Court action, asked Marcia, Smith, et al.'s counsel to produce a copy of the Liberty Mutual settlement agreement. (Phillips, et al., contended that the agreement was relevant to the Company's damages claim in the Superior Court action.) (Chaffin Supp. Dec., ¶¶ 1-2.) That

4

very day, Marcia, Smith, et al.'s counsel (after obtaining the necessary approval) produced a copy of the agreement as an attachment to an email that stated:

> Ilyas:
>
> The settlement agreement is attached. As you will notice, it contains confidentiality provisions, with which you and your clients must comply. If they do not intend to comply, let me know right away. In addition, the agreement has been marked confidential, and we will expect strict adherence to the terms of the confidentiality stipulation and order that is in effect in our case.

On each page of the agreement was this legend: **CONFIDENTIAL!** Mr. Rona did not indicate that he and/or his clients did not intend to comply with the confidentiality provisions of the agreement or the confidentiality stipulation and order. (Chaffin Supp. Dec., ¶¶ 3-5, Ex. 1.)

Kenneth B. Phillips signed the confidentiality stipulation and order referenced in the quoted email, as did counsel for the other parties. (Chaffin Supp. Dec., ¶ 6, Ex. 2.) After counsel signed, the parties filed a joint motion for entry of the stipulation and order; the motion was allowed by Judge Margaret Hinkle on January 20, 2000. (Chaffin Supp. Dec., ¶¶ 7-8, Ex. 3.) The stipulation and order provides:

> Any Confidential Information (defined to include documents marked "Confidential") received by a party shall be used by that party solely for the purpose of conducting this litigation, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law. If the use of Confidential Information is required by law, the person using such information shall give notice to counsel for the producing party in accordance with paragraph 13 (relating only to subpoenas and other process requiring production and requiring advance notice) below.

(Chaffin Supp. Dec., Ex. 2 at 5.) The confidentiality stipulation and order is still in effect. (Chaffin Supp. Dec., Ex. 2 at 11.)

On **October 24**, Marcia and Smith's counsel received an envelope. (Chaffin Dec., ¶ 9.) The envelope contained a letter, dated **October 23**, 2017, and addressed to Marcia and Smith's

5

counsel, that begins, "Attached all [sic] the various documents that were sent to be docketed under seal in the above-mentioned case." Attached to the letter were (1) a copy of a letter, dated **October 18**, from Kenneth B. Phillips to Judge Mark G. Mastroianni, which begins, "Enclosed please find a Notice of Exhibit Under Seal, a Motion and the Document to be sealed"; (2) a document entitled "Plaintiffs [sic] Motion to File Under Seal a Confidential Settlement Agreement"; (3) a document entitled "Notice of Exhibit Under Seal"; and (4) a copy of **the very copy** of the Liberty Mutual settlement agreement that was produced to Mr. Rona on October 27, 2016. (Chaffin Dec., ¶¶ 9-10.) Counsel for Marcia and Smith had not seen these documents (other than the settlement agreement) before. They were unaware that Kenneth B. Phillips had sent them to the Court, by FedEx, on October 18.[2] (Chaffin Dec., ¶ 11.)

**Kenneth B. Phillips**

In his memorandum, Phillips notes that his son's "brief" declaration outlines "his extensive 21-year experience and total lack of any blemishes on his professional record . . .." Phillips then states, "Subsequently [sic], we asked [sic] the court to deny Defendants [sic] motion to disqualify Atty. Phillips [sic]."[3] (Phillips Disqualification Memo at 12.)

Kenneth B. Phillips's declaration does not describe any "extensive 21-year experience . . . .." Indeed, he says very little about his practice and experience. He identifies no work on any other cases like this one, save the Superior Court action. He notes that he has represented Back

---

[2] Phillips's opposition papers make reference to having filed the settlement agreement under seal, but there was no indication that he had done so. Defense counsel were puzzled by the references. As the Court knows, Local Rule 7.2 requires a pre-filing motion, filed via the ECF system, and approval of same; defense counsel received no notice of any such motion, much less a request for a Rule 7.1 conference. (Chaffin Dec., ¶ 12.)

[3] Marcia and Smith are not asking the Court to disqualify Kenneth B. Phillips. They ask that the Court disqualify his father, Kenneth F. Phillips, under Rule 23.1, and one of the criteria to be considered under Rule 23.1 is whether the would-be derivative plaintiff's counsel is qualified, experienced, and generally able to conduct the litigation.

Bay in the Superior Court action, but he neglects to mention that he was, at most, a peripheral player, and that, on the eve of trial, Phillips and Finnegan's counsel took over for him as trial counsel.  He neglects to mention that he rarely participated substantively in any proceedings (except as a trial witness, twice), and that, typically, papers he served or filed were "me too's" or copies of papers by Phillips and Finnegan's counsel.  (Chaffin Dec., ¶¶ 13-14.)  He does not deny that in another case Judge Fabricant awarded sanctions because he had filed a frivolous action.  He says that he has practiced in multiple jurisdictions.  The only evidence of work in other jurisdictions that Marcia and Smith have been able to find is evidence that he represented his father for a time in a case in the Southern District of New York.  A sample of work product in that matter is submitted herewith.  (Chaffin Dec., ¶ 15, Ex. 4.)  It speaks for itself.  To be blunt, cases like this just aren't what Mr. Phillips does, as his FaceBook page, as well as his filings and tactics so far, show.  (Chaffin Dec., ¶ 16, Ex. 5.)

**Phillips's Supporters**

Phillips has submitted declarations by Mr. and Mrs. Finnegan.  Each of them professes to be a shareholder, a matter about which there has been a great deal of doubt, as Judge Lauriat observed.  (Chaffin Dec., ¶ 17, Ex. 6 at 2-4.)  Both of them (contrary to Mr. Finnegan's views up until at least July 2009) laud Phillips.  Mrs. Finnegan says that she is confident that Phillips will represent all of the shareholders in an adequate and professional manner.  That's interesting, for a year after the first trial in the Superior Court action, she sought leave to amend Phillips and Finnegan's second amended complaint to assert a theory that was diametrically opposed to what the second amended complaint alleged, and to vacate stipulations by Phillips and Finnegan (concerning, among other things, who had been and was on the Board).  In support, she actually

7

argued that **Phillips and Finnegan had not adequately represented VBenx**.  (Chaffin Dec., ¶ 18, Ex. 7 at 12-13.)  Judge Lauriat denied the motion, making specific reference to, among other things, the inconsistencies between what Mrs. Finnegan wanted to allege and what Phillips and Finnegan had alleged, sworn to, and stipulated to.  (Chaffin Dec., ¶ 18, Ex. 8 at 3-4.)

Much could be said about the Finnegans' animus and about how they, too, have done nothing to help the Company and much to hurt it – but Marcia and Smith will refrain.  It suffices to say that the Finnegans are every bit as antagonistic as Phillip, for Mr. Finnegan also was found liable by the jury:  The jury found that he had breached his duties as Chairman, and had engaged in malicious prosecution.

## Argument

### PHILLIPS SHOULD BE DISQUALIFIED

Phillips argues five main points:

- If he is disqualified, there will be no shareholder who can pursue the claim at issue;

- There is no economic antagonism;

- He is not vindictive;

- He has support from other shareholders; and

- His son is fully qualified to "support" this lawsuit.

He errs.[4]

---

[4] Phillips makes a few other points, such as one relating to remedies and one relating to whether he is the driving force behind this case.  These are strawman arguments.  The issues here are antagonism, entanglement, vindictiveness, and qualifications of counsel – the first being most important.

### A. Phillips Is Not Unique, And His First Point Is Incorrect And Irrelevant

Phillips claims that if he were disqualified based on the other litigation, no one else would be available to pursue this case. Not so. Baker/Pond or Percia could as well. Phillips suggests that Baker could not pursue this case because he, too, has been "ensnared" in the Superior Court action. Putting aside the irony of this argument (Phillips himself created the ensnarement), it is incorrect. Baker's position is not the same as Phillips's. Phillips – the debtor on a $1.5 million+ judgment – has incentive to use this case as leverage to extricate himself from the judgment. Baker is not a judgment debtor – he is a judgment creditor. And Mrs. Baker, the actual shareholder, fortunately has never been involved in any of the Company-related litigation. Similarly, Percia is not involved in any other litigation involving the Company.

Further, even if there were no one who could take Phillips's place, it would not matter. Phillips does not cite, and Marcia and Smith are unaware of, any case law holding that a plaintiff cannot be disqualified because there would be no one to take his place. Rule 23.1 is clear – a "derivative action may not be maintained" where the would-be plaintiff is not qualified. There is no exception for situations in which the would-be plaintiff is seemingly the only one who could (or would) act as plaintiff.

### B. Phillips Is Antagonistic

Phillips's misreads the law concerning antagonism, and he colors the facts. His antagonism arises principally (but not solely) out of the fact that he is on the wrong side of a $1.5 million + judgment in favor of other shareholders (including Marcia and Smith) and the Company. In an effort to diminish this critical fact, he repeatedly refers to the judgment and his obligations under it as "hypothetical," and asserts that Marcia and Smith's argument that the

judgment creates antagonism are "hypothetical," "conclusory," and based on "conjecture." (Phillips Disqualification Memo at 4, 5, 11.) There is nothing hypothetical about the judgment: The jury spoke, and Phillips's post-judgment motions for JNOV and a new trial were denied (before Marcia, et al., even responded to the motions). Marcia and Smith's arguments are not hypothetical, conclusory, or based on conjecture – Phillips's antagonism is real. Parenthetically, nowhere in his papers does Phillips explain why he did not file this action until after judgment against him entered.

Phillips argues that antagonism typically exists only where the would-be plaintiff also is a competitor of the company at issue. (Phillips Disqualification Memo at 2.) That is not the law here. *See, e.g., G.A. Enterprises, Inc. v. Leisure Living Communities, Inc.,* 517 F.2d 24 (1st Cir. 1975) (antagonism found; not competitors); *Chesterton v. Chesterton, 1990 U.S. Dist. LEXIS 13136* (D. Mass. 1990) (antagonism found; not competitors). And he seems to argue that antagonism not arising out of the subject matter of the suit is irrelevant. That, too, is not the law. Indeed, the *G.A. Enterprises* court held otherwise. 517 F.2d at 27. Phillips has no escape from the overriding principle established by the case law that even he cites – the temptation to use the derivative action as leverage in connection with other disputes disqualifies the would-be derivative plaintiff. *Id.* at 26; *see also Davis v. Diomed*, 619 F.2d 588, 597 (6th Cir. 1980) ("The derivative action appears to be just one more skirmish in a larger war between [the would-be plaintiff] and some of the defendants, perverted into a weapon which, as its highest and best use, would be leverage in his other lawsuits."); *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341, 345 (D. Ore. 1987).

Phillips does, however, get one thing right: The case law indicates that a strong showing that a would-be derivative plaintiff's interests are inimical to those he is supposed to represent – a showing that Marcia and Smith have made – is sufficient alone to support disqualification. *Davis*, 619 F.2d at 593.

C.   **Phillips Is Vindictive**

Phillips denies that he is vindictive. The facts show otherwise. What other than vindictiveness can explain his behavior in the Superior Court action? What else can explain his over-the-top accusations, both in that action and here, concerning Smith? (The times Phillips has falsely accused Smith of everything from perjury, to violations of ethical cannons, to forgery are too numerous to count. (Smith Supp. Dec., ¶¶ 3-4.)) What else can explain his name calling?

D.   **Phillips's "Support"**

Given Phillips's prevarication on whether he solicited Baker/Pond and Percia, his proffer on the issue of support by other shareholders (if not all of his arguments) should be disregarded entirely. If not disregarded, it should be seen for what it is – proof that Phillips's two partners in the Superior Court action, the Delaware Court of Chancery end-run, and the Appeals Court are still in league with him. That the Finnegans – the two other members of the trio who have done so much to harm the Company since 2009 – profess to support Phillips is both unsurprising and beside the point. The issue is whether Phillips will advance the interests of the Company and all of the shareholders. That the Finnegans predictably have weighed in on his side does not bear on that issue: They have shown no interest in promoting the Company's and all the shareholders' best interest.

**E.       Kenneth B. Phillips Is Not Qualified**

Marcia and Smith take no pleasure in pointing out Kenneth B. Phillips's shortcomings, but Phillips has put the issue in play, and the facts are the facts.  Again, Kenneth B. Phillips is not experienced in cases like this.  His own Facebook page (Marcia and Smith are unable to find a website) makes clear that he focuses on real estate, criminal, and personal injury law – not complex shareholder litigation.  And his performance thus far shows he is not capable of handling this case:  By mailing directly to the Court a copy of the Liberty Mutual settlement agreement and not telling Marcia and Smith's counsel that he had done so until days later, he flouted the agreement's confidentiality provision; violated the Confidentiality Stipulation and **Order** in the Superior Court case; and violated Local Rules 5.4(a) (all papers submitted to the Court must be filed electronically), 7.2 (d) (court approval obtained by motion required before filing impounded and confidential materials), 7.1 (pre-motion conference required), and 5.2 (certification of service of all papers required).  The ability and willingness to adhere to agreements, court orders, and rules of court are pre-requisites to practice in any case, and doubly important in a case such as this.  Kenneth B. Phillips lacks both.  On top of all that, while adept at the use of inapt sayings, Kenneth B. Phillips seemingly is incapable of preparing papers that are not infected with, in addition to stylistic and typographical errors, confusing, rambling, and incoherent "arguments."  Very serious – and very wrong – charges have been leveled at Marcia and Smith.  Again.  Serious charges require qualified counsel, and Kenneth B. Phillips is not qualified.

**Conclusion**

For the foregoing reasons and those previously stated, Phillips should be disqualified.

Dated:  November 15, 2017                    WALTER SMITH and PETER MARCIA,

                                             By their attorneys,

                                             */s/Melissa Nott Davis*
                                             David B. Chaffin (BBO #549245)
                                             Melissa Nott Davis (BBO #654546)
                                             WHITE AND WILLIAMS LLP
                                             101 Arch Street, Suite 1930
                                             Boston, MA 02110
                                             T:  (617) 748-5200
                                             F:  (617) 784-5201

                                             chaffind@whiteandwilliams.com
                                             davism@whiteandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on November 15, 2017.

                                             */s/Melissa Nott Davis*
                                             Melissa Nott Davis

19907074v.1